IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:03-CR-43-WKW |
| | ) | [WO] |
| JERRY JOSEPH HIGDON, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Jerry Joseph Higdon, Jr.'s *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. # 191.) Amendment 782, in conjunction with Amendment 788, retroactively reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1(c). Defendant's motion was referred to this district's Retroactivity Screening Panel ("Panel") for a recommendation on whether he is eligible for a sentencing reduction under § 3582(c)(2) and Amendments 782 and 788. The Panel was unable to reach a unanimous recommendation.

For the reasons that follow, Defendant is eligible for a sentence reduction on Counts 2, 3, and 4, and the sentence on those counts will be reduced. However, he is not eligible for a sentence reduction on Count 10. Accordingly, Defendant's motion is due to be granted in part and denied in part.

## I.  BACKGROUND

In May 2003, a jury convicted Defendant on two counts of distribution of ice methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2 and 3); one count of possession with intent to distribute ice methamphetamine, in violation of § 841(a)(1) and § 2 (Count 4); and one count for a drive-by shooting, in violation of § 841(a)(1), § 2, and 18 U.S.C. § 36(b).

In September 2003, the court sentenced Defendant.[1]  For purposes of calculating the sentence, Counts 2, 3, and 4 were grouped together, and Count 10 was grouped with Counts 2–4.  *See* U.S.S.G. § 3D1.2(d).  Based on this grouping, a single guideline—U.S.S.G. § 2D1.1—determined the guideline range for each count of conviction.  Applying § 2D1.1, the court held Defendant accountable for specified quantities of ice, actual methamphetamine, methamphetamine, and marijuana.  Because more than one drug was involved, the court calculated Defendant's base offense level by converting the drugs to their marijuana equivalents.  Under the November 1, 2002 Guidelines Manual in effect when Defendant was sentenced, *see* U.S.S.G. § 1B1.11(a), the marijuana equivalency conversion was approximately 20,069 kilograms and produced a base offense level of 36.  *See* U.S.S.G. § 2D1.1(a)(3) & (c)(4) (Nov. 2002); (Sentencing Tr., at 84.)

---

[1] This case was reassigned to the undersigned after the trial and sentencing.

The court then applied a 2-level increase for possession of a firearm, *see* U.S.S.G. § 2D1.1(b)(2), a 4-level aggravated role adjustment, *see* U.S.S.G. § 3B1.1(a), and a 2-level adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1. (*See* Sentencing Tr., at 84–86.) Defendant's total offense level was 44, and he had a criminal history category of I. (Sentencing Tr., at 87.)

Defendant's guideline range of imprisonment would have been life. However, the statutory maximum penalty on each of Counts 2, 3, and 4 was 40 years, and the statutory maximum penalty on Count 10 was 25 years. Because the guideline range of life exceeded the statutory maximum penalties, the guideline range was reset to 40 years on Counts 2, 3, and 4, and to 25 years on Count 10. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

Defendant was sentenced to a term of imprisonment of 145 years. The sentence consisted of 40 years on each of Counts 2, 3, and 4, and 25 years on Count 10, all to be served consecutively. (Doc. # 145, at 2.)

More than a decade after Defendant's sentence was imposed, the Sentencing Commission promulgated Amendment 782. Amendment 782 reduced by two levels the base offense levels for most drug quantities in § 2D1.1(c). *See* U.S.S.G. Supp. to App. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014). Amendment

788, by including Amendment 782 on the list of amendments in U.S.S.G. § 1B1.10(d), made Amendment 782 retroactive, effective November 1, 2014, so as to lower sentences of qualifying previously sentenced inmates.

In 2018, Defendant filed a *pro se* motion to modify his sentence under § 3582(c)(2), alleging that Amendment 782 applied retroactively and reduced his sentence.

## II. DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted), *holding modified on other grounds by Hughes v. United States*, 138 S. Ct. 1765 (2018). Section 3582(c)(2) supplies one of those narrow exceptions. It gives the district court discretion to modify a previously imposed sentence in the following circumstance:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2). "[A] § 3582(c)(2) proceeding is not a de novo re-sentencing," however. *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010); *see also*

§ 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. [§] 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.").

The Supreme Court of the United States has condensed the § 3582(c)(2) inquiry to two steps.  Step one examines a defendant's eligibility for a sentence reduction and, where eligibility is met, the extent of the reduction authorized.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  The court calculates the impact of the applicable retroactive guideline amendment on the sentencing range and leaves intact all other original sentencing findings.  *See id.* (citing § 1B1.10(b)(1)).  The guideline amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  § 1B1.10, comment. (n.1(A)).

Step two involves the district court's analysis of the § 3553(a) factors.  The district court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Dillon*, 560 U.S. at 827.  Also relevant at step two are

5

"public safety considerations[] and the defendant's post-sentencing conduct." *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009) (cleaned up).

The discussion is divided into two parts. Defendant's eligibility for a sentence reduction under § 3582(c)(2) is established in the first part. The second part assesses the § 3553(a) and other factors.

### A. **Defendant is eligible for a sentence reduction under § 3582(c)(2) on Counts 2, 3, and 4, but not on Count 10.**

The base offense level for the offenses charged in Counts 2, 3, 4, and 10 is found in U.S.S.G. § 2D1.1(c). Amendment 782 reduced by two levels the base offense level in the Drug Quantity Tables at § 2D1.1 for an offense involving at least 10,000 kilograms but less than 30,000 kilograms of marihuana. Under Amendment 782, § 2D1.1(c) provides a base offense level of 34 for possession of at least 10,000 but less than 30,000 kilograms of marijuana. § 2D1.1(c)(2); U.S.S.G. App. C, amend. 782. Prior to Amendment 782, when Defendant was sentenced, possession of the same quantities of marihuana had a base offense level of 36.

With a base offense level of 34, and all other guidelines computations staying intact, *see Dillon*, 560 U.S. at 827, Amendment 782 reduces Defendant's total offense level from 44 to 42. A total offense level of 42, when combined with a criminal history category of I, results in a guideline range of 360 months to life. The low-end of the guideline range thus decreased from life imprisonment to 360

months' imprisonment. But this does not end the inquiry into whether Defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." § 3582(c)(2).

### 1. Count 10

The new guideline range for Count 10 still exceeds the statutory maximum of 300 months (or 25 years). Thus, "the statutorily authorized maximum sentence" of 300 months remains "the guideline sentence," § 5G1.1(a), the same as it was at sentencing. As to Count 10, retroactive application of Amendment 782 would not "have the effect of lowering [Defendant's] applicable guideline," § 1B1.10, comment. (n.1(A)). And, "[w]here a retroactively applicable guideline amendment reduces a defendant's *base offense level*, but does not alter the *sentencing range* upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (emphasis added); *see also United States v. Williams*, 776 F. App'x 604, 607 (11th Cir. 2019) (holding that the "district court did not err in denying Williams' motion for a sentence reduction" under § 3582(c)(2) because "[a]though Amendment 782 would reduce Williams' total offense level from 41 to 39, the resulting guidelines range of 262–327 months would still exceed the statutory maximum sentence of 240 months."). Defendant is not eligible for a § 3582(c)(2) sentence reduction on Count 10.

### *2.    Counts 2, 3, and 4*

The outcome is different for Counts 2, 3, and 4. The low-end of the new guideline range has decreased from life imprisonment to 360 months' imprisonment, and 360 months is less than the statutory maximum penalty of 480 months (or 40 years). Hence, as to these three counts, the guideline range now is 360 months to 480 months. Because retroactive application of Amendment 782 does "have the effect of lowering [Defendant's] applicable guideline," § 1B1.10, comment. (n.1(A)), Defendant is eligible for a sentence reduction on Counts 2, 3, and 4.

**B.    A sentence reduction on Counts 2, 3, and 4 is warranted.**

The applicable § 3553(a) factors must be assessed to determine whether the authorized reduction is warranted. The court has considered the § 3553(a) factors— in particular, the nature and circumstances of the offense and Defendant's history and characteristics, the need for his sentence to reflect the seriousness of the offense, and the need to promote respect for the law and afford adequate deterrence. It also has considered the public's safety and Defendant's post-sentencing conduct, in particular, his prison discipline data. *See Smith*, 568 F.3d at 927.

In light of the applicable § 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct, the court finds that 360 months is a reasonable and appropriate sentence on each of Counts 2, 3, and 4, and that these sentences

should run consecutively. Accordingly, the total sentence on Counts 2, 3, and 4 is 1,080 months.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. # 191) is GRANTED as to Counts 2, 3, and 4, and DENIED as to Count 10. Defendant's previously imposed sentence of 145 years is REDUCED to 115 years. This term consists of 360 months on each of Counts 2, 3, and 4, and 300 months on Count 10, all to be served consecutively to each other. All other provisions of the Judgment (Doc. # 145) remain in full force and effect.

It is further ORDERED that Defendant's motion for a status report on his § 3582(c)(2) motion (Doc. # 194) is DENIED as moot.

DONE this 3rd day of June, 2021.

                                                   /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE